IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-311-BO
No. 5:15-CV-140-BO

| | |
|---|---|
| RODNEY FRANCES SMITH,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the government's motion to dismiss, and the government's supplemental memorandum stating its position that petitioner should be resentenced without the armed career criminal enhancement. [DE 73, 78, 99].

Petitioner was sentenced on August 21, 2013, to a term of 180 months' imprisonment after pleading guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); petitioner's sentence was imposed on a finding that he qualified for enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e). [DE 44; 50]. Petitioner filed a § 2255 motion challenging, *inter alia,* his designation as an armed career criminal. After the government moved to dismiss petitioner's § 2255 motion as untimely, it requested a stay of this matter pending decisions by the United States Supreme Court in *Welch v. United States*, No. 15-6418, and *Mathis v. United States*, No. 15-6092. The stay was entered, and was lifted *sua sponte* by the Court on April 6, 2018. [DE 97; 98].

The government in its supplemental response contends that petitioner should be resentenced as he is no longer considered an armed career criminal after the Supreme Court's holdings in *Welch* and *Mathis*. In *Johnson v. United States*, the Supreme Court held that the

residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. 2551, 2557 (2015). In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. 1257, 1265 (2016). In *Mathis*, the Supreme Court addressed the circumstances under which the modified categorical approach may be employed to determine whether a prior conviction qualifies as a predicate violent felony offense under the ACCA. Here, the government agrees that after review of the record in this case and after consultation with the United State's Attorney's Office for the District of Columbia, petitioner's convictions for District of Columbia carjacking no longer qualify as violent felonies for purposes of the ACCA.

## CONCLUSION

Accordingly, in the absence of opposition from the government, petitioner's motion to vacate sentence [DE 73] is GRANTED and petitioner's sentence is hereby VACATED. The government's motion to dismiss [DE 78] is DENIED. The clerk shall set this matter for resentencing by separate notice.

SO ORDERED, this __17__ day of May, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2